IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN J. GILLIAM-NAULT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-4991 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| MIDVEST TRANSPORT CORPORATION; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| SENTRY INSURANCE A MUTUAL COMPANY, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDVEST TRANSPORT CORPORATION; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ryan Gilliam-Nault and Intervening Plaintiff Sentry Insurance seek to hold Defendant Midvest Transport Corporation, among others, liable for the injuries Gilliam-Nault suffered in a car accident allegedly caused by Midvest's negligence and that of one of its drivers, Bakari Lambert. Currently before the Court are (1) Midvest's motion to dismiss [25] Count V of the complaint [1] and (2) Midvest's motion to dismiss [53] Count V of the intervenor complaint [50], both pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court grants both motions [25; 53] which the Court concludes are properly construed as motions for judgment on the pleadings under Rule 12(c). Count V of both the complaint and

intervenor complaint are dismissed with prejudice. However, both Gilliam-Nault and Sentry may file motions for reconsideration should later developments call into doubt Midvest's susceptibility to *respondeat superior* liability. The case is set for further status on June 4, 2019, at 9:00 a.m.

I. Background[1]

Gilliam-Nault alleges that on July 21, 2016, he was injured in a motor vehicle accident involving a semi-tractor driven by Bakari Lambert, one of Midvest's employees. [1, ¶¶ 9–11, 14–15.] He asserts that Lambert's and Midvest's respective negligence caused the accident. [*Id.* ¶¶ 16–17.] Consequently, Plaintiff filed the instant lawsuit against Midvest, Lambert, and the owners of the semi-trailer involved in the accident on July 20, 2018. See generally [1]. The complaint contains five counts seeking relief from various defendants on several different theories. Of particular relevance here, Count I asserts that Midvest was negligent and is jointly and severally liable for Lambert's negligence. See [*id.* ¶¶ 9–19]. By contrast, Count V seeks to hold Midvest liable for negligently hiring, training, supervising, and retaining Lambert as a driver. See [*id.* ¶¶ 56–62].

On October 29, 2018, Midvest filed its answer.[2] [23.] In its answer, Midvest admitted that it owned the semi-tractor involved in the accident on July 21, 2016, and that the truck was being driven by one of its employees, Lambert. [*Id.* ¶ 11.] Simultaneously, Midvest filed the instant motion seeking dismissal of Count V of the complaint [1] under Federal Rule of Civil Procedure 12(b)(6). See generally [25]. Shortly thereafter, Sentry Insurance, which paid a worker's

---

[1] In resolving the motion under Rule 12(c), the Court assumes the truth of the well-pleaded factual allegations in Gilliam-Nault's and Sentry's pleadings, though not their legal conclusions, and draws all reasonable inferences in their favor. See *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). The facts are set forth as favorably to those parties as those materials allow. See *Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).

[2] Given Midvest's answers [23, 52] to both complaints appear to be essentially identical, the Court cites only to Midvest's initial answer to Gilliam-Nault's complaint [23].

compensation claim filed by Gilliam-Nault, moved to intervene seeking to recover those funds from Defendants. [46.] The Court approved the unopposed motion, and Sentry subsequently filed its own complaint ("the intervenor complaint")—asserting identical claims to those of Plaintiff—against all Defendants on April 16, 2019. See [49; 50]. Shortly thereafter, Midvest filed an answer to the intervenor complaint [52], and an identical motion to dismiss Count V of that complaint. [53] On May 15, 2019, during a hearing on that motion, Sentry acknowledged that the Court's resolution of [25] would resolve [53] as well as given the claims and defenses are identical. Thus, the Court now resolves both motions [25; 53].

## II. Standard

The Seventh Circuit has recognized that "'[a] motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one.'" *Saunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015) (quoting *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970). Thus, although Midvest has moved to dismiss Count V of both complaints under Federal Rule of Civil Procedure 12(b)(6) [25; 53], because the motions require the Court to take into consideration the admissions in Midvest's answers and were filed with the answers, the Court construes both motions as motions for judgment on the pleadings under Rule 12(c). See *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000) (noting that where a defendant has filed an answer and then moves to dismiss a claim, the motion is properly construed as motion under Rule 12(c)).

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); see also *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (same). "Accordingly, a court

may grant a Rule 12(c) motion only where it is clear from the pleadings that the plaintiffs will be unable to maintain their cause of action in light of the facts presented." *Laverty v. Smith & Nephew, Inc.*, 197 F. Supp. 3d 1026, 1029 (N.D. Ill. 2016). "[I]f it appears that discovery is necessary to fairly resolve a claim on the merits, then the motion for judgment on the pleadings must be denied." *Federal Deposit Ins. Corp. v. FBOP Corp.*, 252 F. Supp. 3d 664, 672 (N.D. Ill. 2017).

### III. Analysis

Midvest argues that the Court must dismiss Count V of both complaints because plaintiffs may not pursue a claim for negligent hiring, training, supervision, and retention of an employee once a defendant concedes that it would be liable for the employee's negligence under a *respondeat superior* theory. Because "state law provides the substantive law in a diversity action," *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006), the Court must look to Illinois negligence law. Under Illinois law, "once an employer admits responsibility under *respondeat superior*, a plaintiff may not proceed against the employer on a theory of negligent hiring, negligent retention[,] or negligent entrustment." *Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155, 1160 (Ill. App. Ct. 2002) (citing *Ledesma v. Cannonball, Inc.*, 538 N.E.2d 655 (Ill. App. Ct. 1989), and *Neff v. Davenport Packing Co.*, 268 N.E.2d 574 (Ill. App. Ct. 1971)). Despite Plaintiff's assertion that *Gant* is distinguishable because it only addressed hiring and retention, courts in this district have consistently extended *Gant*'s holding to claims asserting negligent training and supervision as well. See *Meyer v. A & A Logistics, Inc.*, 2014 WL 3687313, at *3 (N.D. Ill. July 24, 2014) (explicitly holding that *Gant* extends to negligent training and supervision claims); see also *Johnson v. First Student, Inc.*, 2018 WL 5013918, at *1 (N.D. Ill. Oct. 16, 2018) (agreeing with and following *Meyer*); *C.R. England. Inc. v. Abdi*, No. 3:17-cv-50152, ECF No. 39 (Aug. 28, 2017)

(applying *Gant* to claims for negligent entrustment, failure to train and supervise, and negligent hiring). Seeing no reason to divert from that precedent, the Court turns to the facts of this case.

Here, as noted above, Midvest admitted in both answers that (1) it owned the 2005 Volvo Semi-tractor involved in the accident on July 21, 2016; (2) the truck was being operated by Lambert, and (3) Lambert was an employee/driver of Midvest. [23, ¶ 11; 52, ¶ 11.] Under Illinois law, an employer may be subjected to liability under *respondeat superior* if the employee's conduct (1) is of the kind he is employed to perform; (2) occurs substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master. *Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989) (citing Restatement (Second) of Agency § 228 (1958)). Based on Midvest's admissions listed above, it would be subject to *respondeat superior* liability if Lambert was in fact negligent. And, even if Midvest later attempted to retract those admissions, judicial estoppel would apply. See *Zedner v. United States*, 547 U.S. 489, 504 (2006) (noting judicial estoppel precludes a party from abandoning positions after they have prevailed on them in earlier litigation). In short, Midvest has admitted to vicarious liability for any negligence Lambert is found to have committed, which forecloses Count V of both complaints.

While Plaintiff argues *National Railroad Passenger Corp. v. Terracon Consultants, Inc.*, 13 N.E.3d 834 (Ill. App. Ct. 2014), supports the opposite conclusion, at least one judge in this district has explicitly rejected the notion that *Terracon* applies in cases such as this one where a defendant has admitted to potential liability under a *respondeat superior* theory. See, e.g., *Johnson*, 2018 WL 5013918, at *2 (noting that negligent training and supervision cases are treated the same as negligent hiring and retention cases and refusing to apply *Terracon*). Furthermore, *Terracon* itself distinguished *Gant*. In contrast to *Gant*, where the defendant had admitted it would be liable for its employee's action, the *Terracon* defendant had not admitted it would be subject to

such liability and had actually been held to be immune to *respondeat superior* liability. *Terracon*, 13 N.E.3d at 840. For these reasons, the Court concludes that *Terracon* is inapposite. Finally, Plaintiff's allegation that Midvest's negligence itself contributed to the accident, see [32, at 3 (asserting that Plaintiff has alleged that Midvest negligently failed to meet Federal Motor Safety Regulations)], remains viable through Plaintiff's negligence claim against Midvest itself, see [1, ¶¶ 9–19]. Thus, the Court must grant Midvest's motions to dismiss [25; 53] Count V of both the complaint and intervenor complaint.

IV. **Conclusion**

For the reasons explained above, the Court grants Midvest's motions [25; 53]. Count V of both the complaint [1] and intervenor complaint [50] are dismissed with prejudice. However, both Gilliam-Nault and Sentry may file motions for reconsideration should later developments call into doubt Midvest's susceptibility to *respondeat superior* liability. The case is set for further status on June 4, 2019, at 9:00 a.m.

Dated: May 22, 2019

                                                               Robert M. Dow, Jr.
                                                               United States District Judge